

ENDORSED ORDER

Plaintiff is to provide a further status report on service efforts in 30 days. /s/ MHD 8/13/08

LAW OFFICES
# BRODSKY & SMITH, LLC

240 MINEOLA BLVD
MINEOLA, NY 11501

516.741.4977
FAX 516.741.0626
www.brodsky-smith.com

PENNSYLVANIA OFFICE
TWO BALA PLAZA, SUITE 602
BALA CYNWYD, PA 19004
610.667.6200

CALIFORNIA OFFICE
9595 WILSHIRE BLVD, SUITE 900
BEVERLY HILLS, CA 90212
310.300.8425

NEW JERSEY OFFICE
1040 KINGS HIGHWAY NORTH, STE. 601
CHERRY HILL, NJ 08034
856.795.7250

RECEIVED AUG 13 2008

August 13, 2008

**VIA FACSIMILE ONLY 212-805-7928**

Honorable Michael H. Dolinger
United States Magistrate Judge
United States District Court
For the Southern District of New York
500 Pearl Street, Room 1670
New York, NY 10007-1312

Re:   *Hayes v. Harmony Gold Mining Co., Ltd., et. al.* 08-cv-3653

Dear Judge Dolinger:

As you may recall, this firm is counsel to plaintiff James Hayes ("Plaintiff") in the above captioned litigation.[1] We write in response to the Court's August 4, 2008 Order instructing Plaintiff to document his efforts to comply with Fed. R. Civ. P. 4(f).[2] Plaintiff has utilized, and will continue to utilize, his best efforts to serve Defendants in accordance with Rule 4. The following details Plaintiff's efforts to serve Defendants both through their affiliates in the United States (as discussed in detail in our August 4, 2008 letter) as well as our efforts to serve Defendants directly in South Africa.

First, Plaintiff has attempted to serve Defendants through several United States entities with which they are associated. On May 28, 2008 papers were attempted to be

---

[1] The defendants in this case are Harmony Gold Mining Co., Ltd. ("Harmony" or the "Company"), Bernard Swanepoel and Nomfundo Qangule (collectively referred to as "Defendants").

[2] Fed. R. Civ. P. 4(f) provides that a plaintiff may serve a foreign defendant: (i) through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention on Service"); (ii) letters rogatory; or (iii) through other means not prohibited by law. *See* Fed. R. Civ. P. 4(f)(1)-(3). South Africa, where Defendants are located, is not a signatory to the Hague Convention on Service, and Plaintiff may not avail himself of that method of service.

Honorable Michael H. Dolinger
August 13, 2008
Page 2

served upon the Defendants at the Bank of New York Mellon – ADR Division ("BNY"), Harmony's United States American Depository Receipt ("ADR") depository bank, and identified as the Company's agent on Harmony's Registration Statement (as filed with the United States Securities and Exchange Commission on November 30, 2004). BNY refused service at that time. A second attempt was made on BNY on July 3, 2008. While papers were served by being left at the front desk of BNY's Legal Division, we subsequently received written communication from a BNY Legal Division Vice President that BNY was not authorized receive or accept service on behalf of Defendants.

Plaintiff Hayes then attempted service of process upon Donald Pulglisi at Pulglisi & Associates in Newark, DE ("Puglisi"), Harmony's "Authorized Representative in the United States" (per the Company's November 30, 2004 Registration Statement), on July 17, 2008. Puglisi informed Plaintiff that he was not authorized to accept service on behalf of the Company.

While counsel for Defendants has not formally entered an appearance in this case, we are informed that Defendants are represented by Hogan and Hartson LLP. Hogan and Hartson advised that such service was insufficient, as neither BNY nor Puglisi is authorized to accept service on behalf of Harmony.[3]

On July 31, 2008, Plaintiff Hayes sent waivers of service of process to the Defendants in South Africa and Hogan and Hartson. Plaintiff and Defendants are currently negotiating to attempt to secure terms for the execution of those waivers.

In recognition of the possibility that those negotiations may not be successful, Plaintiff has also retained Legal Language Services ("LLS"), a company specializing in international service of process, and begun the process of effectuating service on Defendants via letters rogatory. Letters rogatory are, essentially, a formal request by the government of one country to the government of another country that it perform an act (in this case, service of process) on behalf of the requesting government that could, if directly performed by the requesting government, violate the sovereignty of the foreign government. According to the U.S. Department of State, service via letters rogatory "**may take a year or more worldwide.**" *See* Preparation of Letters Rogatory, http://travel.state.gov/law/info/judicial/judicial_683.html, attached hereto as Exhibit "A." (Emphasis in original). According to LLS, it routinely takes 6 to 8 months to effect service in South Africa via letters rogatory. *See* Affidavit of Karina Shreefer, Esquire, attached hereto as Exhibit "B."

---

[3] Plaintiff does not take the position that these attempts require a formal response or objection by Defendants at this time. Should the waiver negotiations, noted below, prove unsuccessful, Plaintiff may file the affidavits and request briefing on the issue of sufficiency of the service attempts, incident to service via letters rogatory.

Honorable Michael H. Dolinger
August 13, 2008
Page 3

    As such, Plaintiff respectfully reiterates his request that the Court refrain from taking any action to dismiss this case on the grounds of no service of process at this time. *See also* August 4, 2008 Correspondence from Evan J. Smith, Esquire to Court at p. 1 (discussing inapplicability of 120-day time period prescribed by Fed. R. Civ. P. 4(m) due to presence of foreign defendants).

    Should the Court have any questions regarding the above issues, counsel remain available at the Court's convenience telephonically or in person. Thank you for your attention to this matter.

                          Very truly yours,

                          Evan J. Smith

EJS/jf
Enclosures
cc:    Seamus Kaskela, Esquire (via facsimile only)
       Mark Gately, Esquire (via facsimile only)