**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JAMES J. HAYES, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Electronically Filed |
| vs. | ) ) | No. 1:08-cv-03653-BSJ-MHD |
| HARMONY GOLD MINING COMPANY LIMITED, | ) ) ) | (ECF Case) |
| Defendant. | ) ) ) | |

**ANSWER OF DEFENDANT HARMONY GOLD MINING COMPANY LIMITED**

Mark D. Gately (pro hac vice)
Scott R. Haiber (pro hac vice)
HOGAN LOVELLS US LLP
Harbor East
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410) 659-2700

Steven M. Edwards
David Wertheimer
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000

Attorneys for Defendant
Harmony Gold Mining Company Limited

Dated: May 25, 2010

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES J. HAYES, Individually and on Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) | Electronically Filed |
| vs. ) | No. 1:08-cv-03653-BSJ-MHD |
| HARMONY GOLD MINING COMPANY LIMITED, ) ) | (ECF Case) |
| Defendant. ) | |

## ANSWER OF DEFENDANT HARMONY GOLD MINING COMPANY LIMITED

Defendant Harmony Gold Mining Company Limited ("Harmony"), by its undersigned

counsel, answers the allegations contained in Plaintiff's Amended Class Action Complaint (the

"Amended Complaint"), dated January 7, 2009, as follows:

With regard to the unnumbered, opening paragraph of the Amended Complaint, Harmony

denies that discovery will yield "substantial evidentiary support" for the allegations asserted in the

Amended Complaint.  Harmony lacks knowledge or information sufficient to either admit or deny

the remaining allegations of the unnumbered, opening paragraph, and therefore denies these

allegations on that basis.

1.      Paragraph 1 purports to describe the nature of Plaintiff's action, to which no response

is required.  To the extent any response is required, the allegations in paragraph 1 are denied.

2.      Harmony admits that on December 7, 2007, it filed its Annual Report for the year

ended June 30, 2007 with the SEC on Form 20-F, and, to the extent that the allegations of paragraph

2 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete

contents and denies any allegations of paragraph 2 inconsistent therewith.  The remaining allegations of paragraph 2 are denied.

3.      Harmony admits that on April 25, 2007, it issued a news release reporting its financial results for the quarter ended March 31, 2007 and, to the extent that the allegations of paragraph 3 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 3 inconsistent therewith.  The remaining allegations of paragraph 3 are denied.

4.      Harmony admits that on April 25, 2007, it issued a news release reporting its financial results for the quarter ended March 31, 2007 and, to the extent that the allegations of paragraph 4 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 4 inconsistent therewith.  The remaining allegations of paragraph 4 are denied.

5.      Harmony admits that a conference call took place on April 25, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 5 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 5 to the extent that they are inconsistent with the transcript.  The remaining allegations of paragraph 5 are denied.

6.      Harmony admits that a conference call took place on April 25, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 6 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies

the allegations of paragraph 6 to the extent that they are inconsistent with the transcript.  The

remaining allegations of paragraph 6 are denied.

       7.     Harmony admits that on May 2, 2007, it filed its quarterly report for the quarter

ended March 31, 2007 with the SEC on Form 6-K, and, to the extent that the allegations of paragraph

7 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete

contents and denies any allegations of paragraph 7 inconsistent therewith.  The remaining allegations

of paragraph 7 are denied.

       8.     Harmony admits that on May 2, 2007, it filed its quarterly report for the quarter

ended March 31, 2007 with the SEC on Form 6-K, and, to the extent that the allegations of paragraph

8 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete

contents and denies any allegations of paragraph 8 inconsistent therewith.  The remaining allegations

of paragraph 8 are denied.

       9.     Harmony lacks knowledge or information sufficient to either admit or deny the

allegations of paragraph 9, and on that basis denies those allegations, except to state that, to the extent

that any allegations of paragraph 9 purport to quote or summarize the contents of documents,

Harmony refers to the documents for their full and complete contents and denies any allegations

inconsistent therewith.

       10.    Harmony denies the allegations of paragraph 10 except admits that, prior to April 25,

2007, Harmony had implemented the installation of its Enterprise Resource Planning system (the

"ERP system").

       11.    Harmony admits that on August 6, 2007, it issued a news release regarding its

expected financial results for the quarter ended June 30, 2007 and, to the extent that the allegations of

paragraph 11 purport to quote or summarize said news release, Harmony refers to the news release

for its full and complete contents and denies any allegations of paragraph 11 inconsistent therewith. The remaining allegations of paragraph 11 are denied.

12.    Harmony denies the allegations of paragraph 12.

13.    Harmony admits that on August 6, 2007, it issued a news release entitled, "Bernard Swanepoel resigns as Chief Executive of Harmony" and further admits that on August 22, 2007, it issued a news release entitled, "Harmony appoints Frank Abbott as Interim Financial Director," and, to the extent that the allegations of paragraph 13 purport to quote or summarize either of said news release, Harmony refers to the news releases for their full and complete contents and denies any allegations of paragraph 13 inconsistent therewith.  The remaining allegations of paragraph 13 are denied.

14.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 14, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 14 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

15.    Harmony admits that the closing trading price of its ADRs are publicly reported and, to the extent the allegations of paragraph 15 purport to quote or summarize such publicly reported trading prices, Harmony refers to such reports for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 15 are denied.

16.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 16, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 16 purport to quote or summarize the contents of documents,

Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

17.     Harmony admits that on August 27, 2007, it issued a news release reporting its financial results for the quarter and year ended June 30, 2007, and, to the extent that the allegations of paragraph 17 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 17 inconsistent therewith. The remaining allegations of paragraph 17 are denied.

18.     Harmony admits that on August 27, 2007, it issued a news release reporting its financial results for the quarter and year ended June 30, 2007, and, to the extent that the allegations of paragraph 18 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 18 inconsistent therewith. The remaining allegations of paragraph 18 are denied.

19.     Harmony admits that on August 27, 2007, it issued a news release reporting its financial results for the quarter and year ended June 30, 2007, and, to the extent that the allegations of paragraph 19 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 19 inconsistent therewith. The remaining allegations of paragraph 19 are denied.

20.     Harmony admits that a conference call took place on August 27, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter and year ended June 30, 2007, and, to the extent that the allegations of paragraph 20 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 20 to the extent that they are inconsistent with the transcript.  The remaining allegations of paragraph 20 are denied.

21.     Harmony admits that on December 7, 2007, it filed its Annual Report for the year ended June 30, 2007 with the SEC on Form 20-F, and, to the extent that the allegations of paragraph 21 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 21 inconsistent therewith.  The remaining allegations of paragraph 21 are denied.

22.     Harmony admits that on December 7, 2007, it filed its Annual Report for the year ended June 30, 2007 with the SEC on Form 20-F, and, to the extent that the allegations of paragraph 22 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 22 inconsistent therewith.  The remaining allegations of paragraph 22 are denied.

23.     Harmony denies the allegations of paragraph 23.

24.     Harmony denies the allegations of paragraph 24.

25.     The allegations of paragraph 25 are legal conclusions to which no response by Harmony is required.  To the extent a response is required, Harmony denies the allegations of paragraph 25.

26.     The allegations of paragraph 26 are legal conclusions to which no response by Harmony is required.  To the extent a response is required, Harmony denies the allegations of paragraph 26.

27.     The allegations of paragraph 27 are legal conclusions to which no response by Harmony is required.  To the extent a response is required, Harmony denies the allegations of paragraph 27.

28.     Harmony admits that its ADRs trade on the New York Stock Exchange and the NASDAQ National Market.  The remaining allegations of paragraph 28 are legal conclusions to

which no response by Harmony is required.  To the extent a response is required, Harmony denies the remaining allegations of paragraph 28.

29.    Harmony denies the allegations of paragraph 29.

30.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations in paragraph 30 concerning Plaintiff's alleged transactions in Harmony's ADRs and put options, and therefore denies those allegations on that basis.  The remaining allegations of paragraph 30 are denied.

31.    Harmony admits that it conducts underground and surface gold mining and related activities, including exploration, processing and smelting, in various locations and otherwise denies the allegations of the first sentence of paragraph 31.  Harmony further admits the allegations of the second and third sentences of paragraph 31.  The remaining allegations of paragraph 31 state legal conclusions to which no response is required.  To the extent that any response is required, Harmony denies the remaining allegations of paragraph 31.

32.    Harmony admits the allegations of paragraph 32.

33.    Harmony admits the allegations of paragraph 33.

34.    Harmony denies the allegations of paragraph 34.

35.    Harmony admits that on August 7, 2006, it issued a news release reporting its financial results for the quarter ended June 30, 2006, and, to the extent that the allegations of paragraph 35 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 35 inconsistent therewith. The remaining allegations of paragraph 35 are denied.

36.    Harmony admits that a conference call took place on August 7, 2006 in conjunction with its issuance of a news release reporting its financial results for the quarter ended June 30, 2006,

and, to the extent that the allegations of paragraph 36 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 36 to the extent that they are inconsistent with the transcript. The remaining allegations of paragraph 36 are denied.

37.     Harmony admits that on October 30, 2006, it filed its Annual Report for the fiscal year ended June 30, 2006 with the SEC on Form 20-F, and, to the extent that the allegations of paragraph 37 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 37 inconsistent therewith. The remaining allegations of paragraph 37 are denied.

38.     Harmony admits that on October 31, 2006, it issued a news release reporting its financial results for the quarter ended September 30, 2006, and, to the extent that the allegations of paragraph 38 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 38 inconsistent therewith. The remaining allegations of paragraph 38 are denied..

39.     Harmony admits that a conference call took place on October 31, 2006 in conjunction with its issuance of a news release reporting its financial results for the quarter ended September 30, 2006, and, to the extent that the allegations of paragraph 39 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 39 to the extent that they are inconsistent with the transcript. The remaining allegations of paragraph 39 are denied.

40.     Harmony admits that on February 2, 2007, it issued a news release reporting its financial results for the quarter ended December 31, 2006, and, to the extent that the allegations of paragraph 40 purport to quote or summarize said news release, Harmony refers to the news release

for its full and complete contents and denies any allegations of paragraph 40 inconsistent therewith. The remaining allegations of paragraph 40 are denied.

41.     Harmony denies the first sentence of paragraph 41.  Harmony lacks knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 41, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 41 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

42.     Harmony admits that the closing trading price of its ADRs are publicly reported and, to the extent the allegations of paragraph 42 purport to quote or summarize such publicly reported trading prices, Harmony refers to such reports for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 42 are denied.

43.     Harmony admits that on April 25, 2007, it issued a news release reporting its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 43 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 43 inconsistent therewith. The remaining allegations of paragraph 43 are denied.

44.     Harmony admits that a conference call took place on April 25, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 44 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 44 to the extent that they are inconsistent with the transcript.  The remaining allegations of paragraph 44 are denied.

45.    Harmony admits that a conference call took place on April 25, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 45 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 45 to the extent that they are inconsistent with the transcript. The remaining allegations of paragraph 45 are denied.

46.    Harmony admits that a conference call took place on April 25, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 46 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 46 to the extent that they are inconsistent with the transcript. The remaining allegations of paragraph 46 are denied.

47.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 47, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 47 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

48.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of the first and second sentences of paragraph 48, and on that basis denies those allegations, except to state that, to the extent that those allegations purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith. The remaining allegations of paragraph 48 are denied.

49.    Harmony denies the allegations of paragraph 49.

50.     Harmony admits that on August 6, 2007, it issued a news release regarding its expected financial results for the quarter ended June 30, 2007, and, to the extent that the allegations of paragraph 50 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 50 inconsistent therewith. The remaining allegations of paragraph 50 are denied.

51.     Harmony admits that on August 6, 2007, it issued a news release regarding its expected financial results for the quarter ended June 30, 2007, and, to the extent that the allegations of paragraph 51 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 51 inconsistent therewith. The remaining allegations of paragraph 51 are denied.

52.     Harmony admits that on August 6, 2007, it issued a news release regarding its expected financial results for the quarter ended June 30, 2007, and, to the extent that the allegations of paragraph 52 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 52 inconsistent therewith. The remaining allegations of paragraph 52 are denied.

53.     Harmony admits that on October 30, 2006, it filed its Annual Report for the fiscal year ended June 30, 2006 with the SEC on Form 20-F, and, to the extent that the allegations of paragraph 53 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 53 inconsistent therewith.  The remaining allegations of paragraph 53 are denied.

54.     Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 54, and on that basis denies those allegations, except Harmony admits that

eCom institute (Pty) Ltd. was hired in connection with Harmony's implementation of the ERP system.

      55.    Harmony denies the allegations of paragraph 55, except states that it lacks knowledge or information sufficient to either admit or deny the allegations of the last sentence of paragraph 55, and on that basis denies those allegations.

      56.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 56 concerning what a purported confidential witness supposedly told Plaintiff or his counsel, and on that basis denies those allegations.  The remaining allegations of paragraph 56 are denied.

      57.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 57 concerning what a purported confidential witness supposedly told Plaintiff or his counsel, and on that basis denies those allegations.  The remaining allegations of paragraph 57 are denied.

      58.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 58 concerning what a purported confidential witness supposedly told Plaintiff or his counsel, and on that basis denies those allegations.  The remaining allegations of paragraph 58 are denied.

      59.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 59 concerning what a purported confidential witness supposedly told Plaintiff or his counsel, and on that basis denies those allegations.  The remaining allegations of paragraph 59 are denied.

      60.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 60 concerning what a purported confidential witness supposedly told

Plaintiff or his counsel, and on that basis denies those allegations. Harmony denies the allegations of the second and third sentences of paragraph 60. Harmony lacks knowledge or information sufficient to either admit or deny the allegations of the fourth sentence of paragraph 60 and on that basis denies those allegations. The remaining allegations of paragraph 60 are denied.

61.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 61 concerning what a purported confidential witness supposedly told Plaintiff or his counsel, and on that basis denies those allegations. The remaining allegations of paragraph 61 are denied.

62.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 62 concerning what a purported confidential witness supposedly told Plaintiff or his counsel, and on that basis denies those allegations. The remaining allegations of paragraph 62 are denied.

63.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 63 concerning what a purported confidential witness supposedly told Plaintiff or his counsel, and on that basis denies those allegations. The remaining allegations of paragraph 63 are denied.

64.    Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 64 concerning what a purported confidential witness supposedly told Plaintiff or his counsel, and on that basis denies those allegations. The remaining allegations of paragraph 64 are denied.

65.    Harmony denies the allegations of paragraph 65.

66.    Harmony denies the allegations of paragraph 66.

67.     Harmony admits that on April 25, 20007, it issued a news release regarding its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 67 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 67 inconsistent therewith. The remaining allegations of paragraph 67 are denied.

68.     Harmony admits that on April 25, 20007, it issued a news release regarding its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 68 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 69 inconsistent therewith. The remaining allegations of paragraph 69 are denied.

69.     Harmony admits that on April 25, 20007, it issued a news release regarding its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 69 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 69 inconsistent therewith. The remaining allegations of paragraph 69 are denied.

70.     Harmony denies the allegations of paragraph 70.

71.     Harmony denies the allegations of paragraph 71 and denies the allegations of each of subparagraphs (a) through (h) of paragraph 71.

72.     Harmony admits that a conference call took place on April 25, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 72 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies

the allegations of paragraph 72 to the extent that they are inconsistent with the transcript. The

remaining allegations of paragraph 72 are denied.

73.     Harmony admits that a conference call took place on April 25, 2007 in conjunction

with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007,

and, to the extent that the allegations of paragraph 73 purport to quote or summarize statements made

in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies

the allegations of paragraph 73 to the extent that they are inconsistent with the transcript. The

remaining allegations of paragraph 73 are denied.

74.     Harmony admits that a conference call took place on April 25, 2007 in conjunction

with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007,

and, to the extent that the allegations of paragraph 74 purport to quote or summarize statements made

in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies

the allegations of paragraph 74 to the extent that they are inconsistent with the transcript. The

remaining allegations of paragraph 74 are denied.

75.     Harmony admits that a conference call took place on April 25, 2007 in conjunction

with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007,

and, to the extent that the allegations of paragraph 75 purport to quote or summarize statements made

in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies

the allegations of paragraph 75 to the extent that they are inconsistent with the transcript. The

remaining allegations of paragraph 75 are denied.

76.     Harmony admits that a conference call took place on April 25, 2007 in conjunction

with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007,

and, to the extent that the allegations of paragraph 76 purport to quote or summarize statements made

in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 76 to the extent that they are inconsistent with the transcript. The remaining allegations of paragraph 76 are denied.

77.     Harmony admits that a conference call took place on April 25, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter ended March 31, 2007, and, to the extent that the allegations of paragraph 77 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 77 to the extent that they are inconsistent with the transcript. The remaining allegations of paragraph 77 are denied.

78.     Harmony denies the allegations of paragraph 78.

79.     Harmony admits that on May 2, 2007, it filed its quarterly report for the quarter ended March 31, 2007 with the SEC on Form 6-K, and, to the extent that the allegations of paragraph 79 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 79 inconsistent therewith. The remaining allegations of paragraph 79 are denied.

80.     Harmony admits that on May 2, 2007, it filed its quarterly report for the quarter ended March 31, 2007 with the SEC on Form 6-K, and, to the extent that the allegations of paragraph 80 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 80 inconsistent therewith. The remaining allegations of paragraph 80 are denied.

81.     Harmony admits that on May 2, 2007, it filed its quarterly report for the quarter ended March 31, 2007 with the SEC on Form 6-K, and, to the extent that the allegations of paragraph 81 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete

contents and denies any allegations of paragraph 81 inconsistent therewith.  The remaining allegations of paragraph 81 are denied.

82.     Harmony admits that on May 2, 2007, it filed its quarterly report for the quarter ended March 31, 2007 with the SEC on Form 6-K, and, to the extent that the allegations of paragraph 82 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 82 inconsistent therewith.  The remaining allegations of paragraph 82 are denied.

83.     Harmony denies the allegations of paragraph 83.

84.     Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 84, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 84 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

85.     Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 85, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 85 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

86.     Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 86, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 86 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

87.     Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 87, and on that basis denies those allegations, except Harmony denies the allegations of the second sentence of paragraph 87.

88.     Harmony admits that on August 6, 2007, it issued a news release entitled "Trading Statement" which was filed with the SEC on Form 6-K, and, to the extent that the allegations of paragraph 88 purport to quote or summarize said news release, Harmony refers to the news release and filing for its full and complete contents and denies any allegations of paragraph 88 inconsistent therewith.  The remaining allegations of paragraph 88 are denied.

89.     Harmony admits that the closing trading price of its ADRs are publicly reported and, to the extent the allegations of paragraph 89 purport to quote or summarize such publicly reported trading prices, Harmony refers to such reports for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 89 are denied.

90.     Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 90, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 90 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

91.     Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 91, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 91 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

92.     Harmony admits that the closing trading price of its ADRs are publicly reported and, to the extent the allegations of paragraph 92 purport to quote or summarize such publicly reported trading prices, Harmony refers to such reports for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 92 are denied.

93.     Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 93, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 93 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

94.     Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 94, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 94 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

95.     Harmony admits that on August 22, 2007, it issued a news release entitled "Harmony appoints Frank Abbott as Interim Financial Director," and, to the extent that the allegations of paragraph 95 purport to quote or summarize said news release, Harmony refers to the news release for its full and complete contents and denies any allegations of paragraph 95 inconsistent therewith. The remaining allegations of paragraph 95 are denied.

96.     Harmony admits that on August 27, 2007, it issued a news release reporting its financial results for the quarter and year ended June 30, 2007, and, to the extent that the allegations of paragraph 96 purport to quote or summarize said news release, Harmony refers to the news release

for its full and complete contents and denies any allegations of paragraph 96 inconsistent therewith. The remaining allegations of paragraph 96 are denied.

97.     Harmony admits that on August 27, 2007, it published a presentation entitled "June quarter and 2007 financial year-end results," and, to the extent that the allegations of paragraph 97 purport to quote or summarize said presentation, Harmony refers to the presentation for its full and complete contents and denies any allegations of paragraph 97 inconsistent therewith.  The remaining allegations of paragraph 97 are denied.

98.     Harmony admits that a conference call took place on August 27, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter and year ended June 30, 2007, and, to the extent that the allegations of paragraph 98 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 98 to the extent that they are inconsistent with the transcript.  The remaining allegations of paragraph 98 are denied.

99.     Harmony admits that a conference call took place on August 27, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter and year ended June 30, 2007, and, to the extent that the allegations of paragraph 99 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 99 to the extent that they are inconsistent with the transcript.  The remaining allegations of paragraph 99 are denied.

100.     Harmony denies the allegations of paragraph 100.

101.     Harmony admits that a conference call took place on August 27, 2007 in conjunction with its issuance of a news release reporting its financial results for the quarter and year ended June 30, 2007, and, to the extent that the allegations of paragraph 101 purport to quote or summarize

21

statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 101 to the extent that they are inconsistent with the transcript. The remaining allegations of paragraph 101 are denied.

102. Harmony admits that on August 30, 2007, it filed a document entitled "Harmony Financial Review for the Fourth Quarter and Year Ended 30 June 2007" on Form 6-K with the SEC, and, to the extent that the allegations of paragraph 102 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 102 inconsistent therewith. The remaining allegations of paragraph 102 are denied.

103. Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 103, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 103 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

104. Harmony lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 104, and on that basis denies those allegations, except to state that, to the extent that any allegations of paragraph 104 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

105. Harmony admits that on October 12, 2007, it published its Annual Report for the fiscal year ended June 30, 2007, and, to the extent that the allegations of paragraph 105 purport to quote or summarize said Annual Report, Harmony refers to the Annual Report for its full and complete contents and denies any allegations of paragraph 105 inconsistent therewith. The remaining allegations of paragraph 105 are denied.

106.     Harmony admits that on October 12, 2007, it published its Annual Report for the fiscal year ended June 30, 2007, and, to the extent that the allegations of paragraph 106 purport to quote or summarize said Annual Report, Harmony refers to the Annual Report for its full and complete contents and denies any allegations of paragraph 106 inconsistent therewith.  The remaining allegations of paragraph 106 are denied.

107.     Harmony admits that on October 31, 2007, it filed its financial review for the quarter ended September 30, 2007, on Form 6-K with the SEC,  and, to the extent that the allegations of paragraph 107 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 107 inconsistent therewith.  The remaining allegations of paragraph 107 are denied.

108.     Harmony admits that a conference call took place on August 27, 2007 in conjunction with its reporting of its financial results for the quarter ended September 30, 2007, and, to the extent that the allegations of paragraph 108 purport to quote or summarize statements made in that call, Harmony refers to the transcript of that call for its full and complete contents, and denies the allegations of paragraph 108 to the extent that they are inconsistent with the transcript.  The remaining allegations of paragraph 108 are denied.

109.     Harmony admits that on December 7, 2007, it filed its Annual Report for the fiscal year ended June 30, 2007 on Form 20-F with the SEC, and, to the extent that the allegations of paragraph 109 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 109 inconsistent therewith.  The remaining allegations of paragraph 109 are denied.

110.     Harmony denies the allegations of paragraph 110.

111.    Harmony admits that on December 7, 2007, it filed its Annual Report for the fiscal year ended June 30, 2007 on Form 20-F with the SEC, and, to the extent that the allegations of paragraph 111 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 111 inconsistent therewith.  The remaining allegations of paragraph 111 are denied.

112.    Harmony denies the allegations of paragraph 112.

113.    Harmony denies the allegations of paragraph 113.

114.    Harmony denies the allegations of paragraph 114.

115.    Harmony denies the allegations of paragraph 115.

116.    Harmony denies the allegations of paragraph 116, except to state that, to the extent that any allegations of paragraph 116 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

117.    Harmony denies the allegations of paragraph 117, except to state that, to the extent the allegations assert what a purported confidential witness supposedly told Plaintiff or his counsel, Harmony lacks knowledge or information sufficient to either admit or deny such allegations and on that basis denies those allegations.

118.     Harmony denies the allegations of paragraph 118, except to state that, to the extent the allegations assert what a purported confidential witness supposedly told Plaintiff or his counsel, Harmony lacks knowledge or information sufficient to either admit or deny such allegations and on that basis denies those allegations.

119.    Harmony denies the allegations of the paragraph 119, except to state that, to the extent that any allegations of paragraph 119 purport to quote or summarize the contents of

documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.

120.    Harmony denies the allegations of the paragraph 120, except to state that, to the extent that any allegations of paragraph 120 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  Furthermore, to the extent the allegations of paragraph 120 assert what a purported confidential witness supposedly told Plaintiff or his counsel, Harmony lacks knowledge or information sufficient to either admit or deny such allegations and on that basis denies those allegations.

121.    Harmony denies the allegations of paragraph 121.

122.    Harmony admits that on December 7, 2007, it filed its Annual Report for the fiscal year ended June 30, 2007 with the SEC on Form 20-F, and, to the extent that the allegations of paragraph 122 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 122 inconsistent therewith.  The remaining allegations of paragraph 122 are denied.

123.    Harmony denies the allegations of paragraph 123.

124.    Harmony admits that Mr. Swanepoel served as Chief Executive Officer of Harmony from 1995 until his resignation in 2007 and that Ms. Qangule served as Financial Director of Harmony from 2004 until her resignation in 2007 and Harmony further states that, to the extent that any allegations of paragraph 124 purport to quote or summarize the contents of documents, Harmony refers to the documents for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 124 are denied.

125.    Harmony admits that on December 7, 2007, it filed its Annual Report for the fiscal year ended June 30, 2007 with the SEC on Form 20-F, and, to the extent that the allegations of paragraph 125 purport to quote or summarize said filing, Harmony refers to the filing for its full and complete contents and denies any allegations of paragraph 125 inconsistent therewith.  The remaining allegations of paragraph 125 are denied.

126.    Harmony denies the allegations of paragraph 126.

127.    Harmony denies the allegations of paragraph 127.

128.    Harmony denies the allegations of paragraph 128.

129.    Harmony admits that the closing trading price of its ADRs are publicly reported and, to the extent the allegations of paragraph 129 purport to quote or summarize such publicly reported trading prices, Harmony refers to such reports for their full and complete contents and denies any allegations inconsistent therewith.  The remaining allegations of paragraph 129 are denied.

130.    Harmony denies the allegations of paragraph 130.

131.    The allegations of paragraph 131 state legal conclusions to which no response is required.  To the extent that any response is required, Harmony denies the allegations of paragraph 131.

    a.    Harmony admits that its ADRs were listed on the NYSE and NASDAQ. Harmony denies the remaining allegations of subparagraph 131(a).

    b.    Harmony admits that its put and call options were listed on the Chicago Board Options Exchange.  Harmony denies the remaining allegations of subparagraph 131(b).

26

      c.      Harmony admits that it periodically filed reports with the SEC which were publicly available. Harmony denies the remaining allegations of subparagraph 131(c).

      d.      Harmony admits that, at certain times, it issued press releases and made other public disclosures with respect to certain matters. Harmony denies the remaining allegations of subparagraph 131(d).

      e.      Harmony lacks knowledge or information sufficient to either admit or deny the allegations of subparagraph 131(e), and on that basis denies those allegations.

132.     The allegations of paragraph 132 state legal conclusions to which no response is required. To the extent that any response is required, Harmony denies the allegations of paragraph 132.

133.     The allegations of paragraph 133 state legal conclusions to which no response is required. To the extent that any response is required, Harmony denies the allegations of paragraph 133.

134.     The allegations of paragraph 134 purport to describe the nature of Plaintiff's action, to which no response is required. To the extent that any response is required, Harmony denies the allegations of paragraph 134.

135.     The allegations in the first sentence of paragraph 135 state legal conclusions to which no response is required. To the extent that any response is required, Harmony denies the allegations in the first sentence of paragraph 135. Harmony admits that its ADRs were traded on the NYSE and NASDAQ, and its options were traded on the CBOE, during the purported Class Period. Harmony lacks knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 135, and on that basis denies those allegations.

136.    The allegations in paragraph 136 state legal conclusions to which no response is required.  To the extent that any response is required, Harmony denies the allegations of paragraph 136.

137.    The allegations in paragraph 137 state legal conclusions to which no response is required.  To the extent that any response is required, Harmony denies the allegations of paragraph 137.

138.    The allegations in paragraph 138 and its subparagraphs (a) through (c) state legal conclusions to which no response is required.  To the extent that any response is required, Harmony denies the allegations of paragraph 138 and each of its subparagraphs.

139.    The allegations in paragraph 139 state legal conclusions to which no response is required.  To the extent that any response is required, Harmony denies the allegations of paragraph 139.

140.    Harmony repeats and restates each and every response contained above as if fully restated herein.

141.    Harmony denies the allegations of paragraph 141.

142.    Harmony denies the allegations of paragraph 142.

143.    The allegations in the first sentence of paragraph 143 state legal conclusions to which no response is required.  To the extent that any response is required, Harmony denies the allegations in the first sentence of paragraph 143.  The remaining allegations of paragraph 143 are denied.

144.    Harmony denies the allegations of paragraph 144.

145.    Harmony denies the allegations of paragraph 145.

146.    Harmony denies the allegations of paragraph 146.

147.    Harmony denies the allegations of paragraph 147.

148.    Harmony denies that Plaintiff, on his own behalf and/or on behalf of any putative class, is entitled to any relief, including any of the relief enumerated in the unnumbered, lettered paragraphs in the section entitled "Prayer for Relief" of the Amended Complaint.

149.    Plaintiff's request for a jury trial requires no response by Harmony.

150.    Harmony denies each and every allegation of the Amended Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

By stating any defense hereinafter, Harmony does not purport to assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff.  Harmony expressly reserves the right to amend and/or supplement its affirmative defenses.

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Amended Complaint fails to comply with the pleading requirements of the Private Securities Litigation Reform Act ("PSLRA").

### Third Affirmative Defense

The Amended Complaint fails to plead its claim with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Fourth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, by the doctrines of estoppel and/or waiver, or by Plaintiff's own fault and/or unclean hands.

**Fifth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff lacks standing to pursue the claim alleged against Harmony.

**Sixth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff seeks to hold Harmony liable for statements made or actions taken by persons or entities other than Harmony, who were not acting as authorized agents of Harmony and to further Harmony's interests.

**Seventh Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, to the extent that he did not justifiably rely on any of the alleged misrepresentations or omissions set forth in the Amended Complaint, or on the market prices of Harmony's securities, or on any specific acts or omissions attributed to Harmony.

**Eighth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to exercise due care with respect to the securities transactions on which the claim is premised.

**Ninth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, to the extent that the actions or inactions of Harmony were not the sole or partial cause of any decision by the Plaintiff to allegedly purchase Harmony's securities.

**Tenth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, to the extent that he would have purchased Harmony's securities even with full knowledge of the facts that allegedly were misrepresented or omitted.

30

## Eleventh Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that Harmony's alleged public statements at issue did not contain any material misrepresentations or omissions or because the misrepresentations or omissions allegedly relied upon by Plaintiff were not material.

## Twelfth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because the matters claimed to be the subject of misrepresentations and/or omissions in the Amended Complaint were publicly disclosed or Plaintiff knew, or in the reasonable exercise of care should have known, of those matters.

## Thirteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because Harmony's alleged public statements at issue disclosed to Plaintiff the facts that he contended were concealed from, or misrepresented to, him.

## Fourteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because Plaintiff assumed the risks disclosed in Harmony's alleged public statements at issue, and those risks came to fruition to cause Plaintiff's alleged losses. Plaintiff purchased with knowledge of these risks, such that his alleged damages are not recoverable as a matter of law.

## Fifteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because when Plaintiff allegedly purchased Harmony's securities, the total mix of information in the market disclosed the truth about Harmony, such that the price of the securities Plaintiff allegedly purchased reflected the effect of

all of the risks, transactions, events and information Plaintiff contends were concealed or misrepresented.

### Sixteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that it is based upon Harmony's alleged statements at issue that constitute "forward looking statements" protected by the Safe Harbor provisions of the PSLRA and/or the bespeaks caution doctrine.

### Seventeenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that it is based upon allegedly false or misleading statements made by persons acting on behalf of Harmony, because such persons did not have actual knowledge that the alleged statements were false or misleading.

### Eighteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that it is based upon allegedly false or misleading statements made by persons acting on behalf of Harmony, because such persons believed, and did not act recklessly in believing, that the statements were true and that there was no omission of a material fact required to be stated therein or necessary to make the statements therein not misleading when they were made.

### Nineteenth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because Harmony at all times acted with reasonable care and diligence with respect to the matters Plaintiff now contends were misrepresented in, or omitted from, Harmony's alleged statements at issue.

### Twentieth Affirmative Defense

To the extent that Plaintiff claims to have relied on the market price of Harmony's securities as an indication of the value or worth of Harmony, Plaintiff's claim is barred because any such reliance was negligent, reckless and unjustified.

### Twenty-First Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because any damages purportedly suffered by Plaintiff were not directly or proximately caused by Harmony.

### Twenty-Second Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because Harmony was not the sole proximate cause or the joint proximate cause of any damages purportedly suffered by Plaintiff.

### Twenty-Third Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because any damages purportedly suffered by Plaintiff were not caused by Harmony, but were instead caused by the actions or inactions of other persons and/or entities over whom Harmony had no control or by economic, market, or other events that were outside Harmony's control.  These actions, inactions, and events were intervening or superseding causes of the alleged injuries.

### Twenty-Fourth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that they seek to impose upon Harmony disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws, including the Securities Exchange Act of 1934, and the SEC's rules and regulations promulgated thereunder.

## Twenty-Fifth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that the damages sought by Plaintiff exceed those permitted under the Securities Exchange Act of 1934, or any other applicable rule or regulation promulgated thereunder by the SEC.

## Twenty-Sixth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that any increase or decrease in the market value of Harmony's securities was the result of market or other factors and not the alleged wrongful conduct on the part of Harmony.

## Twenty-Seventh Affirmative Defense

Plaintiff's claim is barred, in whole or in part, because Plaintiff has failed to mitigate his alleged damages and failed to exercise due diligence in any effort to mitigate his alleged damages.

## Twenty-Eighth Affirmative Defense

While Harmony denies any wrongdoing or fault of any kind whatsoever, or that Plaintiff incurred any damages or losses as a result of any conduct by Harmony, in the event that Harmony is found liable for any damages to Plaintiff, Harmony is entitled to have its liability eliminated or diminished due to the culpable conduct of persons or entities other than the Harmony.

## Twenty-Ninth Affirmative Defense

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff has recovered all or some of the amounts he supposedly expended to acquire Harmony's securities at issue.

**<u>Thirtieth Affirmative Defense</u>**

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff benefited in any manner from the alleged inflated market price of Harmony's securities.

**<u>Thirty-First Affirmative Defense</u>**

Plaintiff is not entitled to attorneys' fees, costs, or other expenses under any act or theory upon which Plaintiff's claim is based.

**<u>Thirty-Second Affirmative Defense</u>**

Harmony reserves the right to raise any additional defenses and third party claims not asserted herein of which it may become aware through discovery or other investigation.

**<u>Thirty-Third Affirmative Defense</u>**

This action is not maintainable as a class action. In the alternative, Plaintiff may not properly serve as a class representative.

WHEREFORE, Harmony prays for judgment as follows:

1. Dismissing with prejudice Plaintiff's Amended Complaint against Harmony in its entirety with prejudice; and

2. For such other and further relief as this Court deems just and proper, including, but not limited to costs, disbursements and reasonable attorneys' fees incurred by Harmony in defending this action plus interest on any sums awarded hereunder.

Dated: May 25, 2010

Respectfully submitted,

HOGAN LOVELLS US LLP


By:_____/s/_____
        Steven M. Edwards
David Wertheimer
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000

Mark D. Gately (pro hac vice)
Scott R. Haiber (pro hac vice)
HOGAN LOVELLS US LLP
Harbor East
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel: (410) 659-2700

*Counsel for Defendant*
*Harmony Gold Mining Company Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2010, I caused to be electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

> Curtis V. Trinko
> **LAW OFFICES OF CURTIS V. TRINKO, LLP**
> 16 West 46th Street, 7th Floor
> New York, NY 10036
>
> *Liaison Counsel for Lead Plaintiff*
>
> Maya Saxena
> Joseph E. White III
> Christopher S. Jones
> **SAXENA WHITE P.A.**
> 2424 N. Federal Hwy, Ste. 257
> Boca Raton, FL  33431
>
> *Counsel for Lead Plaintiff*

I further certify that I caused to be mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  NONE.


                                    _____/s/_____
                                         Steven M. Edwards